**Zhang LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Attorney General Ashcroft Respondents.**

**Docket No. 03–4029.**

United States Court of Appeals, Second Circuit.

Aug. 1, 2005.

Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY, (Yee Ling Poon, on the brief), for Petitioner.

Linda B. Lipe, Assistant United States Attorney, Little Rock, AR (H.E.(Bud) Cummins, United States Attorney, Eastern District of Arkansas, on the brief), for Respondent.

PRESENT: JACOBS, B.D. PARKER, Circuit Judges, and HURD,* District Judge.

*SUMMARY ORDER*

Zhang Lin, a native and citizen of the People's Republic of China, petitions for review of a December 9, 2002 order of the Board of Immigration Appeals ("BIA") summarily affirming the order of the Immigration Judge ("IJ") dated June 11, 2001, denying his request for asylum, withholding of deportation and relief under the Convention Against Torture. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

"We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). "When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004) (quoting *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (where, as in this case, the BIA summarily affirms the IJ's decision and adopts the IJ's reasoning, we review the decision of the IJ directly).

The IJ deemed Lin not credible based on his vague testimony, "hesitant" and nonresponsive answers, and his lack of knowledge regarding his wife's alleged forced sterilization. The IJ's determination was supported by substantial evidence. Lin's asylum application was therefore appropriately denied. As Lin's asylum claim fails, so must his withholding of removal claim. *See Zhou Yun Zhang v. U.S. I.N.S.*, 386 F.3d 66, 71 (2d Cir.2004) ("Because the two forms of relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). Similarly, substantial evidence supports the IJ's determination that Zhang failed to establish that he would more likely than not be tortured upon his return to China. *See Wang v. Ashcroft*, 320 F.3d 130, 134, 144 (2d Cir.2003).

We have considered all of Lin's claims and find them to be without merit. The petition is hereby DENIED and the stay of deportation is hereby lifted.

* The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.